UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELTA ZETA SORORITY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>AIMEE STEARNS, an individual doing business as MOONLIGHTING EMBROIDERY AND SCREEN PRINTING,<br><br>Defendant. | No. 1:20-cv-00419-DAD-SAB<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS, CHANGE VENUE, AND EXTEND TIME AND GRANTING PLAINTIFFS' MOTION FOR JUDGMENT ON THE PLEADINGS<br><br>(Doc. Nos. 21, 26) |

This matter is before the court on the motion to dismiss, to change venue, and to extend time in order to obtain counsel filed by defendant Aimee Stearns on October 26, 2020 (Doc. No. 21) and the motion for judgment on the pleadings filed by plaintiffs Delta Zeta Sorority, Kappa Kappa Gamma Fraternity, and Sigma Chi Corporation (collectively "plaintiffs") on January 15, 2021 (Doc. No. 26). Pursuant to General Order No. 617 addressing the public health emergency posed by the COVID-19 pandemic, the motions were taken under submission on the papers. (Doc. No. 27.) For the reasons explained below, the court will deny defendant's motion to dismiss, to change venue, and to extend time in order to obtain counsel and grant plaintiffs' motion for judgment on the pleadings.

/////

**BACKGROUND**

On March 20, 2020, plaintiffs, who are each self-proclaimed "Greek Organizations," filed the complaint initiating this action against defendant. (Doc. No. 1.)

Plaintiffs allege as follows in their complaint. Through their history of operation as collegiate sororities and fraternities, plaintiffs have accrued considerable goodwill with respect to their marks and insignia due to their respective reputations, the quality of the services provided to their members, the goods and services of their licensed vendors, and their successful promotional efforts. (Doc. No. 1 at ¶¶ 4, 18.) Each of the respective plaintiffs have extensive formalized licensing programs through which they arrange for acceptable vendors to produce and market affinity merchandize bearing their marks and insignia. (*Id.* at ¶ 19.) Plaintiffs have entered into licensing agreements with a wide assortment of vendors, who offer licensed merchandize for sale throughout the United States, including in California. (*Id.* at ¶ 20.) Such vendors are permitted to advertise and sell merchandise bearing marks owned by the respective plaintiffs. (*Id.*) However, in association with those licensing programs, plaintiffs retain the right to exercise control over the quality of the licensed merchandize. (*Id.*)

Defendant is an individual doing business as "Moonlighting Embroidery" or "Moonlighting Embroidery and Screen Printing" in Clovis, California. (*Id.* at ¶5.) Defendant has not entered into a licensing agreement with any of the plaintiffs, yet defendant advertises, offers for sale, produces, and distributes merchandise bearing plaintiffs' marks and insignia. (*Id.* at ¶¶ 23–24.) Plaintiffs have repeatedly directed defendant to cease and desist from any continuation of these activities absent entry into licensing agreements with them. (*Id.* at ¶ 26.) Defendant has refused to become a licensed vendor, and yet continues to sell, produce, and distribute merchandise bearing the marks and insignia of plaintiffs. (*Id.* at ¶ 27.)

According to plaintiffs, defendant's actions constitute an intentional, willful, and wanton disregard of plaintiffs' rights and property interests. (*Id.* at ¶ 28.) The offending activities have unjustly enriched defendant and caused plaintiffs to incur damages. (*Id.* at ¶ 29.) According to plaintiffs, unless defendant's activities are enjoined, plaintiffs will suffer irreparable injury. (*Id.* at ¶ 30.)

Based on these allegations, plaintiffs assert the following four causes of action in their complaint: (1) Federal Trademark Infringement under § 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a); (2) Federal Unfair Competition under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (3) Common Law Unfair Competition; and (4) Violation of California Business and Professions Code § 17200. (*Id.* at 10–11.)

On October 26, 2020, defendant filed a motion to dismiss, to change venue, and to extend time in order to obtain counsel to represent her in this action.[1] (Doc. No. 21.) On November 13, 2020, plaintiffs filed an opposition to defendant's motion. (Doc. No. 25.) Defendant did not file a reply thereto. On January 15, 2021, plaintiffs filed a motion for judgment on the pleadings. (Doc. No. 26.) Defendant did not file an opposition or statement of non-opposition to plaintiffs' motion.

## LEGAL STANDARD

**A.     Motion to Dismiss Pursuant to Rule 12(b)(6)**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Though Rule 8(a) does not require detailed factual allegations, a plaintiff is required to allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

/////

---

[1] Specifically, with respect to her motion to extend time to allow her to obtain counsel, defendant requests that the court stay this action until the end of the ongoing COVID-19 pandemic. (Doc. No. 21.)

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). It is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

**B.      Motion for Judgment on the Pleadings**

Rule 12(c) of the Federal Rules of Civil Procedure provides that: "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." In reviewing a motion brought under Rule 12(c), the court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the nonmoving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

The same legal standard applicable to a Rule 12(b)(6) motion applies to a Rule 12(c) motion. *See Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). Accordingly, "judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Marshall Naify Revocable Trust v. U.S.*, 672 F.3d 620, 623 (9th Cir. 2012) (quoting *Fajardo v. County of Los Angeles*, 179 F.3d 698, 699 (9th Cir. 1999)); *see also Fleming*, 581 F.3d at 925) (stating that "judgment on the pleadings is properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law"). The allegations of the complaint must be accepted as true, while any allegations made by the moving party that contradict the allegations of the complaint are assumed to be false. *See MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1081 (9th Cir. 2006); *see also Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1990) ("[T]he allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false."). The facts are viewed in the light most favorable to the non-moving party and all reasonable inferences are drawn in favor of that party. *See Living Designs,*

*Inc. v. E.I. DuPont de Nemours & Co.*, 431 F.3d 353, 360 (9th Cir. 2005).

**DISCUSSION**

**A.     Defendant's Motion to Dismiss, Change Venue, and Extend Time to Obtain Counsel**

In her *pro se* motion, defendant seeks a "dismissal, [] a change of venue and an extension until the end of Covid to retain counsel and return to work if the first [two] asks cannot happen." (Doc. No. 21.)

With respect to her motion to dismiss, defendant appears to argue that the court should dismiss this action on several grounds. First, defendant asserts that plaintiffs' counsel is "not willing to work with [her] and how he tells stories." (*Id.*) Second, defendant argues that she does not advertise or have a website, and that her records do not reflect any sales bearing plaintiffs' marks. (Doc. Nos. 13, 21.) Third, defendant contends that she has never received any of the cease and desist letters from plaintiffs complaining of trademark infringement. (Doc. No. 21.)

In opposition to defendant's motion, plaintiffs argue that any issues relating to communication with plaintiffs' counsel are purely procedural in nature and have nothing to do with whether their complaint asserts plausible claims. (Doc. No. 25 at 3.) Further, plaintiffs contend that any arguments as to defendant's website or sales records go to the merits of the case and are not a basis for dismissal of the complaint at the pleading stage. (*Id.*) Finally, plaintiffs assert that although defendant contends that she has not received any of the cease and desist letters, "this does not form a basis on which to dismiss the Complaint" and "it has no bearing on whether Plaintiffs' Complaint states a plausible claim for relief." (*Id.*)

The court finds plaintiffs' arguments to be persuasive. None of the arguments made in defendant's motion to dismiss are relevant to the question of whether plaintiffs have adequately alleged a cognizable claim for relief. Accordingly, the court will deny defendant's motion to dismiss.

With respect to defendant's motion to change venue, she states that "[i]f a dismissal is not warranted, I would ask for a change of venue to Fresno." (Doc. No. 21.) Given that this matter is already pending in the Fresno Courthouse of the Eastern District of California, the court will also deny defendant's motion as moot.

5

With respect to defendant's motion for an extension of time in which to obtain counsel to represent her in this action, defendant asserts that she has struggled to find counsel in part because of the COVID-19 pandemic and because she and her family lost their home as a result of the Creek Fire. (Doc. No. 21.) Defendant requests that the court grant her an extension of time "until the end of Covid to retain counsel." (*Id.*) The court interprets this request as a motion to stay the pending action for an indefinite period of time until the ongoing COVID-19 pandemic has been declared over. The court notes that on June 15, 2020, defendant had requested a 90-day extension of time in which to obtain counsel before the mandatory scheduling conference set in this case (Doc. No. 13), which the court granted on June 22, 2020. (Doc. No. 16.) In the year that has passed since then, and in the approximately ten months that defendant's motion has been pending, no notice of appearance by counsel on behalf of defendant has been filed in this action.

In their opposition, plaintiffs contend that defendant was already granted a 90-day extension of time to obtain counsel and that "[t]his matter has already been delayed enough." (Doc. No. 25 at 4.) Plaintiffs further state that "[a]s a practical matter and in the interest of reaching a timely resolution in this action, Plaintiffs request that Defendant's motion be denied." (*Id.*)

The court finds plaintiffs arguments in this regard to be persuasive as well. First, defendant was already granted an extension of time in which to locate and retain counsel, if possible. Second, in the nearly ten months that defendant's motion has been pending before the court, defendant has still been apparently unable to obtain counsel in connection with this action. The court concludes that any additional delay would be both unproductive and unreasonable, and will therefore decline to stay this action. Accordingly, defendant's motion for an extension of time in which to obtain counsel will be denied.

**B.     Plaintiffs' Motion for Judgment on the Pleadings**

In their motion for judgment on the pleadings, plaintiffs argue that they have sufficiently alleged the proper elements for each of their causes of action and that defendant's answer "fails to deny any of the germane allegations contained in the Complaint." (Doc. No. 26-1 at 3.) According to plaintiffs, defendant is therefore deemed to have admitted that the facts alleged in

the complaint are true.  (*Id.*)  Plaintiffs seek an entry of judgment in their favor on the issue of liability and the granting of injunctive relief.  (*Id.*)

As noted above, on June 15, 2020, defendant filed a motion for a 90-day extension of time to retain counsel (Doc. No. 13), which the court interpreted as an answer to the complaint.  (Doc. No. 22.)  In that answer, defendant appears to argue that she operated a contract embroidery service.  (Doc. No. 13 at 1.)  The court interprets defendant's contention in this regard to suggest that third parties contracted with defendant to print merchandise with plaintiffs' markings, but that defendant did not intentionally market or exploit any of the markings placed at issue by plaintiffs' complaint.

For the reasons explained below, the court concludes that plaintiffs have adequately alleged each of their claims and that defendant's pleadings, even taken as true, do not negate any of the essential elements of the claims asserted in plaintiffs' complaint.

Claims one, two, and three of plaintiffs' complaint are for Federal Trademark Infringement pursuant to § 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a), Federal Unfair Competition pursuant to § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and Common Law Unfair Competition, respectively.  (Compl. at 10–11.)  Plaintiffs' fourth claim is for engaging in unfair competition "in the nature of unlawful, unfair, or fraudulent business acts or practices or unfair, deceptive, or misleading advertising in violation [of] Cal. Bus. & Prof. Code. § 17200, *et seq.*"  (*Id.* at 11.)

To establish either a trademark infringement claim under § 32 of the Lanham Act or an unfair competition claim under § 43(a) of the Lanham Act, plaintiffs must "establish that [defendant] is using a mark confusingly similar to a valid, protectable trademark of [plaintiffs]."  *Brookfield Commc'ns, Inc. v. W. Coast Ent. Corp.*, 174 F.3d 1036, 1046 (9th Cir. 1999); *see also Jada Toys, Inc. v. Mattel, Inc.*, 518 F.3d 628, 631–32 (9th Cir. 2008) (noting that claims for trademark infringement and unfair competition are "subject to the same test").  Moreover, the "[Ninth] Circuit has consistently held that state common law claims of unfair competition and actions pursuant to California Business and Professions Code § 17200 are 'substantially congruent' to claims under the Lanham Act."  *Cleary v. News Corp.*, 30 F.3d 1255, 1262–63 (9th

1 Cir. 1993). Therefore, the court will jointly address all of plaintiffs' claims under the standard
2 applicable to trademark infringement under the Lanham Act.

3 To sufficiently state a claim for trademark infringement, the complaint must allege that
4 the plaintiff: "(1) . . . has a protectable ownership interest in the mark; and (2) that the
5 defendant's use of the mark is likely to cause consumer confusion, thereby infringing upon the
6 [plaintiffs'] right to the mark." *Dep't of Parks and Rec. for State of Cal. v. Bazaar Del Mundo*
7 *Inc*, 448 F.3d 1118, 1124 (9th Cir. 2006); *Sream, Inc. v. Blow and Tell Corp.*, No. 2:18-cv-03056-
8 JAM-AC, 2019 WL 1976433, at *3 (E.D. Cal. May 3, 2019). In their complaint, plaintiffs have
9 alleged that they have valid protectable marks and that defendant's use of those marks is likely to
10 cause consumer confusion. For example, plaintiffs explicitly list in their complaint the trademark
11 registration numbers for all of their marks, insignia, and graphic designs. (*See* Doc. No. 1 at 3–8.)
12 Furthermore, plaintiffs allege that defendant's activities "constitute the use in commerce of
13 reproductions, counterfeits, copies, or colorable imitations of Plaintiffs' registered marks in
14 connection with the sale, offering for sale, distribution, or advertising of goods, which are likely
15 to cause confusion, or to cause mistake, or to deceive." (*Id.* at 10–11.) In this way, plaintiffs
16 have adequately alleged each of their trademark claims. Moreover, in her answer defendant
17 simply fails to deny any of plaintiffs' allegations. (*See* Doc. No. 13.) Defendant does assert that
18 she does not advertise, that she did not receive the cease and desist letters, and that her company
19 was a contract embroidery service. (*Id.*) None of these assertions are relevant, however, to the
20 merits of plaintiffs' asserted claims.

21 As noted above, the court interprets defendant's argument to be that because she merely
22 produced the marks as requested by third-parties, she herself did not infringe on them. This
23 apparently proposed defense has been addressed by the Ninth Circuit, which held that the Lanham
24 Act "does not create an independent cause of action against printers" who did not know they were
25 infringing on a trademark. *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 982
26 (9th Cir. 1999). This is known as the "innocent printer" defense. *See Gianni Versace SPA v.*
27 *Awada*, No. 03-cv-3254-GPA (RNBx), 2008 WL 11338774, at *1 (C.D. Cal. Mar. 25, 2008).
28 However, the defense applies only to the remedies available against innocent printers; "it does not

8

protect them from liability." *Id.* The innocent printer defense "provides that a trademark infringement plaintiff who prevails against an innocent printer is entitled *only* to an injunction and not damages." *Id.* Defendant's contention would therefore not preclude plaintiffs from bringing suit against her. Accordingly, the court will grant plaintiffs' motion for judgment on the pleadings.

"Injunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement." *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988). Furthermore, "once the plaintiff establishes a likelihood of confusion, it is ordinarily presumed that the plaintiff will suffer irreparable harm if injunctive relief is not granted." *Vision Sports, Inc. v. Melville Corp.*, 888 F.2d 609, 612 n.3 (9th Cir. 1989). Accordingly, the court will grant plaintiffs' motion for judgment on the pleadings, as well as plaintiffs' request for injunctive relief.

## CONCLUSION

For the reasons set forth above:

1. Defendant's motion to dismiss, motion to change venue, and motion for an extension of time to obtain counsel (Doc. No. 21) is denied;

2. Plaintiffs' motion for judgment on the pleadings (Doc. No. 26) is granted as follows:

   a. Judgment in favor of plaintiffs on claim one of the complaint with respect to the issue of liability for federal trademark infringement under § 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a) is granted;

   b. Judgment in favor of plaintiffs on claim two of the complaint with respect to the issue of liability for federal unfair competition under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) is granted;

   c. Judgment in favor of plaintiffs on claim three of the complaint with respect to the issue of liability for common law unfair competition is granted; and

/////

/////

|   |   |   |
|---|---|---|
| | d. | Judgment in favor of plaintiffs on claim four of the complaint with respect to the issue of liability for violation of California Business and Professions Code § 17200 is granted; |
| 3. | | Plaintiffs' request for injunctive relief is granted as follows: |
| | a. | Defendant, along with any of her directors, principals, officers, agents, servants, employees, representatives, or other persons acting in concert or participation with them, are hereby permanently enjoined from directly or indirectly producing, using, or marketing, in any product line, any items containing a reproduction, copy or colorable imitation of any of the following names, marks or other indicia: |

i. The Greek letter combinations "ΔZ," "KKΓ," or "ΣX";

ii. The words "DELTA ZETA" or the "DZ" and "DeeZee" nicknames; the words "KAPPA GAMMA" or the "KKG" and "Kappa" nicknames; and the words "SIGMA CHI" or the "Sig" nickname;

iii. Any crest, coat of arms, seals, flags, badges, or slogans of any of the plaintiff organizations; and

iv. Any other marks or indicia confusingly similar to any of the foregoing marks referenced above; and

4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: __August 30, 2021__       _/s/ Dale A. Drozd_
                                  UNITED STATES DISTRICT JUDGE